## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  LEGAL STANDARD............................................................................................ 3

III. ARGUMENT......................................................................................................... 5

IV.  CONCLUSION..................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Cases**

*Home Port Rentals, Inc. v. International Yachting Group, Inc.*,
   252 F.3d 399 (5th Cir. 2001) ............................................................................ 4, 5

*JPI Partners, LLC v. Dixon*,
   Civ. No. 6:07-mc-77-Orl-22DAB
   2008 WL 2185744 (M.D. Fla. May 23, 2008)................................................... 4, 5

*Serrano v. Camioneros Cooperativa de Transporte de Carga*,
   Civ. No. CC-2016-4
   2018 WL 1719565 (P.R. March 15, 2018) ........................................................ 5, 6

*Travelers Indem. Co. of Illinois v. Hash Management, Inc.*,
   173 F.R.D. 150 (M.D.N.C. 1997)........................................................................... 4

*Urban Industries, Inc. of Kentucky v. Thevis*,
   670 F.2d 981 (11th Cir. 1982) ............................................................................... 4

*U.S. v. Palmer*,
   609 F. Supp. 544 (D.C. Tenn. 1985)................................................................. 4, 5

**Statutes**

9 U.S.C. § 9................................................................................................................. 2

28 U.S.C. § 1332......................................................................................................... 2

28 U.S.C. § 1963...............................................................................................3, 4, 5, 6

## MEMORANDUM OF LAW

### I. <u>INTRODUCTION</u>

This is a case to register and enforce the *Final Judgment* entered by the United States District Court for the District of Colorado in favor of DISH and against TV for All in the matter styled, *DISH Network L.L.C. v. TV for All, Inc.*, Civil Action No. 1:17-cv-01804-RBJ (the "Federal Action"), for the total amount of $757,942.07.[1] DISH initiated the Federal Action to confirm the *Final Arbitration Award* previously entered by a three-member arbitration panel appointed by the American Arbitration Association in the matter styled, *DISH Network L.L.C. v. TV for All, Inc.*, Case No. 01-16-0000-1565 (the "Arbitration Action").

DISH pursued the Arbitration Action against TV for All (a former authorized DISH retailer) because TV for All fraudulently submitted: (1) false and misleading information to DISH for the purpose of making current or former DISH® customers appear as if they were "new" customers so TV for All would improperly qualify for certain incentive payments; (2) false and invalid Social Security information to DISH for the purpose of qualifying potential customers for promotional programs that required a particular credit score, and thus, allowed TV for All to receive associated inventive payments; and (3) prepaid credit cards to illicitly qualify numerous accounts (customers without the requisite credit score or reference) to receive DISH® programming and services. As a result of this misconduct, the evidence presented during the Arbitration Action proved that TV for All garnered a significant amount of incentive payments from DISH—monies that TV for All was not entitled to receive. Consequently, the arbitration panel entered the *Final Arbitration Award* against TV for All in the sum amount of

---

[1] A certified copy of the *Final Judgment*, along with the *Clerk's Certification of the Judgment to be Registered in Another District*, are collectively attached hereto as Exhibit A.

1

$757,942.07—"an amount comprised of actual damages, administrative expenses and costs, and reasonable attorneys' fees" incurred by DISH. (*See* Ex. A, *Final Judgment* at 2).

A review of the records and information maintained by the Registry of Corporations and Entities for the Department of State of Puerto Rico shows that TV for All is a corporation with an active corporate status.[2] Likewise, the reported Registered Agent for TV for All is Emmanuel Gonzalez, an individual who upon information and belief resides in Puerto Rico. (*See* Ex. B). Accordingly, the *Summons* issued in the Federal Action, along with the pleadings filed by DISH, were personally served upon Mr. Gonzalez in Puerto Rico pursuant to the Federal Rules of Civil Procedure.[3]

Jurisdiction was proper in the Federal Action because: (1) DISH [a Colorado limited liability company] and TV for All [a Puerto Rico corporation] are of diverse citizenship and the amount in controversy exceeded $75,000 pursuant to 28 U.S.C. § 1332; (2) the governing arbitration agreement between DISH and TV for All does not specify a particular federal court in which an action to enforce the underlying arbitration award should be filed, and therefore, the Federal Action was properly filed in the judicial district in which the underlying arbitration was filed and the final award was made pursuant to 9 U.S.C. § 9; and (3) DISH and TV for All contractually agreed that "any award of the Arbitrator(s) may be entered and enforced as a final

---

[2]   A true and accurate copy of the corporate listing for TV for All, as reported by the Registry of Corporations and Entities for the Department of State of Puerto Rico, is attached hereto as Exhibit B.

[3]   A true and accurate copy of the *Summons* and the executed *Proof of Service* filed in the Federal Action are collectively attached hereto as Exhibit C.

2

judgment in any state or federal court of competent jurisdiction in the United States."[4] (*See* Ex. C § 15.3.2.)

Although TV for All was represented by legal counsel in the Arbitration Action, TV for All failed to make an appearance in the Federal Action, file any responsive pleadings, or otherwise defend the matter pursuant to the Federal Rules of Civil Procedure. Consequently, the Honorable R. Brooke Jackson entered the *Final Judgment* in favor of DISH. (*See* Ex. A). Judicial records show that registration of the *Final Judgment* is appropriate because "the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending." (Ex. A; 28 U.S.C. § 1963).

Upon information and belief, TV for All has no assets within the State of Colorado; however, it maintains an active corporate status along with substantial assets and a Personal Guarantor in Puerto Rico.[5] Therefore, DISH respectfully requests registration of the *Final Judgment* within this forum pursuant to 28 U.S.C. § 1963. Upon registration of the *Final Judgment*, DISH will pursue enforcement of the money judgment against TV for All in accord with the provisions of Rule 69 of the Federal Rule of Civil Procedure, unless the Court directs otherwise.

## II. LEGAL STANDARD

The federal registration statues provides, *inter alia,* that "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by

---

[4] Relevant portions of the governing DISH Retailer Agreement between the parties, including the arbitration provisions therein, are collectively attached hereto as Exhibit D.

[5] A substantial portion of the money judgment against TV for All (e.g., $291,853.00) is personally guaranteed by Ismael Gonzalez—the President of TV for All. Upon information and belief, Mr. Gonzalez is a resident of Puerto Rico. A copy of the governing Personal Guaranty is attached hereto as Exhibit E.

3

appeal or expiration of the time for appeal . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. "Section 1963 was enacted in large part to 'assist [ ] judgment creditors by making it possible for them to pursue the property of a debtor in satisfaction of a judgment by the ordinary process of levying execution on a judgment in any district where the judgment is registered' and thus, 'spare creditors and debtors alike both the additional costs and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district court other than that where the judgment was originally obtained.'" *Home Port Rentals, Inc. v. International Yachting Group, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001).

"Federal courts construing the federal judgment registration statute have held that it provides a remedy that is cumulative of others that may be available to enforce a judgment." *JPI Partners, LLC v. Dixon*, Civ. No. 6:07-mc-77-Orl-22DAB, 2008 WL 2185744, at *1 (M.D. Fla. May 23, 2008) (citing *Urban Industries, Inc. of Kentucky v. Thevis*, 670 F.2d 981, 985 (11th Cir.1982) (recognizing that the federal judgment registration statute provides a cumulative remedy); *Travelers Indem. Co. of Illinois v. Hash Management, Inc.*, 173 F.R.D. 150 (M.D.N.C.1997) (finding a certified copy of a judgment entered by another court provides a streamlined alternative to enforcement, but judgment creditors are also free to employ the traditional remedy of instituting an entirely new and separate action)). Thus, "[f]ollowing registration, a judgment creditor may secure a writ of execution from the registering court and deliver it to the local Marshal for execution. Of course, if a judgment is not fully satisfied in that district, it can then be registered in other districts until satisfaction is achieved." *U.S. v. Palmer*, 609 F. Supp. 544, 548 (D.C. Tenn. 1985).

While "exequatur" proceeding are typically required under Puerto Rico law to enforce a foreign judgment, the Supreme Court of Puerto Rico recently held, *inter alia*, that the courts of Puerto Rico do not have the power to validate judgments issued by the federal courts of the United States through the exequatur procedure because "federal judgments cannot be classified as 'issued by another jurisdiction that is not a state of the United States or its territories'" as set forth in Rule 55.5 of the Puerto Rico Rules of Civil Procedure. *See Serrano v. Camioneros Cooperativa de Transporte de Carga*, 2018 WL 1719565, *5 (P.R. March 15, 2018). Thus, the provisions of 28 U.S.C § 1963 and Rule 69 of the Federal Rules of Civil Procedure are appropriate in this matter.

### III.   ARGUMENT

The *Final Judgment* issued by the United States District Court for the District of Colorado in favor of DISH and against TV for All warrants registration in this Court pursuant 28 U.S.C. § 1963 because: (1) jurisdiction was proper in the Federal Action pursuant federal law and the parties' contractual agreement; (2) the money judgment "has become final by appeal or expiration of time for appeal;" and (3) TV for All is an "active" corporation with substantial assets in Puerto Rico. (*See supra* Part II; Exs. A–B). Further, registration of the *Final Judgment* will spare both DISH and TV for All "the additional costs and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district court other than that where the judgment was originally obtained.'" *Home Port Rentals*, 252 F.3d at 404.

Inasmuch as the federal registration statute provides "a remedy that is cumulative of others that may be available to enforce a judgment," at the discretion of the Court, DISH will pursue a *Writ of Execution* following registration of the *Final Judgment* pursuant to Rule 69 of the Federal Rules of Civil Procedure and Puerto Rico law. *Dixon*, 2008 WL 2185744 at *1;

5

*Palmer*, 609 F. Supp. at 548; Fed. R. Civ. P. 69; *see also Serrano,* 2018 WL 1719565 *5 ("if a victorious litigant in the federal forum is interested in enforcing [a judgment it], must obtain a writ of execution issued by the federal court, pursuant to Rule 69 of Federal Civil Procedure.").

## IV.   CONCLUSION

For the foregoing reasons, DISH respectfully requests that the Court register the *Final Judgment* issued by the United States District Court for the District of Colorado in favor of DISH and against TV for All pursuant 28 U.S.C. § 1963.

Dated: October 4th, 2018.

Respectfully submitted,

**O'NEILL & BORGES** LLC

By: *[signature]*
Christian M. Echavarri
250 Muñoz Rivera Avenue
Suite 800
San Juan, P.R. 00918-1813
Telephone: (787) 282-5719
Facsimile: (787) 753-8944
Christian.Echavarri@oneillborges.com.

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2018, a true and correct copy of **PLAINTIFF DISH NETWORK L.L.C.'S MOTION TO REGISTER AND ENFORCE THE JUDGMENT ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO AND MEMORANDUM OF LAW IN SUPPORT THEREOF** was served to the in accordance with the Federal Rules of Civil Procedure:

TV for All, Inc.
Attn: Emmanuel Gonzalez, Registered Agent
P.O. Box 140614
Arecibo, Puerto Rico 00614

By /s/ Christian M. Echavarri
Christian M. Echavarri
**O'NEILL & BORGES** LLC
250 Muñoz Rivera Avenue
Suite 800
San Juan, P.R. 00918-1813
Telephone: (787) 282-5719
Facsimile: (787) 753-8944
Christian.Echavarri@oneillborges.com.